UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LARYSSA RICE, individually, and as
Personal Representative for the Estate
of Travis Rice, deceased,

        Plaintiff,

v.                                Case No. 3:20-cv-1206-BJD-PDB

FLORIDA DEPARTMENT OF
CORRECTIONS et al.,

        Defendants.
_____

## ORDER

This cause came before the Court for a hearing on the Court's Order to Show Cause (Doc. 97) and for a pretrial conference at which the Court ruled on Defendant Johnson's motion *in limine* (Doc. 96).

**Sanctions Under Rule 16(f)**

Under Rule 16, a district court may impose sanctions up to and including dismissal for a party's failure "to obey a scheduling or other pretrial order." *See* Fed. R. Civ. P. 16(f). A "court has discretion to impose whichever sanction it feels is appropriate under the circumstances." *See* Fed. R. Civ. P. 16 advisory committee notes to 1983 amendment. Sanctions under Rule 16(f) were "designed to punish lawyers and parties for conduct [that] unreasonably delays

or otherwise interferes with the expeditious management of trial preparation." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). *See also Matter of Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984) (noting that a court need not find "contumacious attitude [or] chronic failure" by a party before imposing sanctions under Rule 16(f)).

As stated on the record, the Court imposes against attorneys Hill, Price, Brown, and Mulhall sanctions in the amount of $100 each for their admitted failure to timely file a joint pretrial statement in accordance with the Court's Third Amended Case Management and Scheduling Order. *See* Docs. 97, 99, 100, 103, 104. As stated on the record, this sanction is imposed against the attorneys personally, not against their respective clients.

**Motion in Limine**

Defendant Johnson asks the Court to prohibit Plaintiff from using "improper inflammatory language during the trial including, but not limited to, such terms as 'strangled', 'choked to death', 'murder' or 'murdered'." Doc. 96 ¶ 12. Defendant Johnson contends such language is not only inflammatory but not accurate because Plaintiff's "own medical expert could not come to a conclusion as to . . . the exact mechanism of asphyxiation." *Id.* ¶ 14. Plaintiff did not respond to the motion *in limine*. As such, the Court construes it as unopposed. *See* M.D. Fla. R. 3.01(c).

2

Despite the motion *in limine* being unopposed, in consideration of the facts and issues, the Court finds the motion is due to be granted in part and denied in part. The motion is granted to the extent Plaintiff may not characterize Travis Rice's death as a "murder" or call Defendant Johnson a "murderer." Such language is inflammatory. However, the motion is denied to the extent that words such as "choke" and "strangle" will be permitted.

Accordingly, it is

**ORDERED:**

1. Attorneys Hill, Price, Brown, and Mulhall each shall submit to the Clerk of Court the $100 fine assessed against them by **June 22, 2023**.

2. Defendant Johnson's motion *in limine* (Doc. 96) is **granted in part** and **denied in part** as stated on the record and in this Order.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of June 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Counsel of Record